UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

JACK L.,                                              Case No. 3:24-cv-01080-AR

                          Plaintiff,                  OPINION AND ORDER

        v.

COMMISSIONER SOCIAL SECURITY
ADMINISTRATION,

                          Defendant.

_____

**ARMISTEAD, United States Magistrate Judge**

        In this judicial review of the Commissioner's final decision denying Social Security

benefits, plaintiff Jack L. (last name omitted for privacy) contends that the Administrative Law

Judge failed at step two to find his neurocognitive and mood disorder impairments medically

determinable, and failed to use the psychiatric review technique to assess his mental

impairments.[1] (Pl.'s Br. 7, ECF 9.) Because the court concludes that the Commissioner erred at

_____

[1]        Because the court concludes that the ALJ erred at step two, it need not reach plaintiff's
argument that the ALJ incorrectly rejected his subjective symptom testimony.

step two, the Commissioner's decision is REVERSED and REMANDED for further

proceedings.[2]

## ALJ'S DECISION

Plaintiff applied for Title II Disability Insurance Benefits (DIB) on March 30, 2021,

alleging disability beginning January 26, 2021. (Tr. 71-72.) His claim was initially denied on

December 7, 2021, and again on reconsideration on April 6, 2022. (Tr. 90-91, 98-99.) After a

January 10, 2024, hearing, the ALJ issued an unfavorable decision on February 6, 2024. (Tr. 17-

31, 37.) The Appeals Council denied review and plaintiff sought the court's judicial review. (Tr.

1-6.)

In denying plaintiff's applications for DIB, the ALJ followed the five-step sequential

evaluation process.[3] At step one, the ALJ determined that plaintiff had not engaged in substantial

gainful activity since January 26, 2021. (Tr. 19.) At step two, the ALJ determined that plaintiff

had the severe impairments of headaches/migraines and asthma. (Tr. 19.) At step three, the ALJ

determined that his impairments singly or in combination did not meet or medically equal the

severity of any listed impairment. (Tr. 20.) As for the ALJ's assessment of plaintiff's residual

functional capacity (RFC), 20 C.F.R. §§ 404.1545, the ALJ determined that plaintiff has the RFC

---

[2]     The court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c)(3), and all parties have
consented to jurisdiction by magistrate judge under Federal Rule of Civil Procedure 73 and
28 U.S.C. § 636(c).

[3]     To determine a claimant's disability, the ALJ applies a five-step evaluation. *See* 20
C.F.R. § 404.1520(a)(4). If the ALJ finds that a claimant is disabled or not disabled at any step,
the ALJ does not continue to the next step. *Id*.; *see also Parra v. Astrue*, 481 F.3d 742, 746–47
(9th Cir. 2007) (discussing the five-step evaluation in detail).

to perform medium work, except that he should avoid concentrated exposure to fumes, odors, dusts, and gases. (Tr. 20.)

At step four, the ALJ determined that plaintiff can perform his past relevant work as a test technician (semiconductor processing equipment). (Tr. 29.) The ALJ also found at step five that jobs exist in significant numbers in the national economy that plaintiff can perform, including the representative occupations machine packager, auto detailer, and industrial cleaner. (Tr. 30.)

## STANDARD OF REVIEW

The district court must affirm the Commissioner's decision if the Commissioner applied the proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020). Substantial evidence is "more than a mere scintilla" and is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (quotation and citation omitted). To determine whether substantial evidence exists, the court must weigh all the evidence, whether it supports or detracts from the Commissioner's decision. *Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014).

## DISCUSSION

A.    ***Step Two –Medically Determinable Mental Impairments & PRT***

At step two, the ALJ determines the medical severity of a physical or mental impairment, and if the claimant does not have any medically severe impairments, he or she is not disabled. *Stout v. Comm'r, Soc. Sec. Admin*., 454 F.3d 1050, 1052 (9th Cir. 2006); 20 C.F.R. § 404.1520(a)(4)(ii); *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). An impairment is

severe if it "significantly limits" a claimant's "physical or mental ability to do basic work

activities," 20 C.F.R. § 404.1521(a), and not severe if the "medical evidence establishes only a

slight abnormality or combination of slight abnormalities which would have no more than a

minimal effect on an individual's ability to work," Social Security Ruling (SSR) 85-28, *available*

*at* 1985 WL 56856, at *3. Even if an impairment is not severe, the ALJ must still consider its

limiting effect when formulating the claimant's RFC. *Ghanim v. Colvin*, 763 F.3d 1154, 1166

(9th Cir. 2014); 20 C.F.R. § 404.1545(a)(2).

    And when assessing the severity of mental impairments, 20 C.F.R. § 404.1520a(a)

requires the ALJ to follow a "special technique" to identify the need for more evidence to

determine impairment severity, consider and evaluate functional consequences of the mental

disorder relevant to a claimant's ability to work, and organize findings in a clear, concise, and

consistent manner. 20 C.F.R. § 404.1520a(a); *Keyser v. Comm'r, Soc. Sec. Admin.*, 648 F.3d

721, 725 (9th Cir. 2011). This special psychiatric review technique (PRT) has the ALJ rate the

degree of functional limitations caused by a mental impairment in four functional areas: (1)

understand, remember, or apply information; (2) interact with others; (3) concentrate, persist, or

maintain pace; and (4) adapt or manage oneself. 20 C.F.R. § 404.1520a(c)(3). Each functional

area is rated on a "five-point scale": none, mild, moderate, marked, or extreme. *Id*. §

404.1520a(c)(4). After rating the degree of functional limitation, the ALJ determines the severity

of the mental impairment. *Id*. §§ 404.1520a(d), 404.1521.

    An ALJ's written decision addressing the PRT "must incorporate the pertinent findings

and conclusions based on the technique"; "must show the significant history, including

examination and laboratory findings, and the functional limitations that were considered in

reaching a conclusion about the severity of the mental impairment(s)"; and "must include a specific finding as to the degree of limitation in each of the functional areas described in paragraph (c) of this section." *Id.* § 404.1520a(e)(4). Failing to "comply with 20 C.F.R. § 404.1520a is not harmless if the claimant has a 'colorable claim of mental impairment.'" *Keyser*, 648 F.3d at 726 (quoting *Gutierrez v. Apfel*, 199 F.3d 1048, 1051 (9th Cir. 2000). A colorable claim of mental impairment is one which is not "wholly insubstantial, immaterial, or frivolous." *Cassim v. Bowen*, 824 F.2d 791, 795 (9th Cir. 1987).

Here at step two, the ALJ determined that plaintiff has two severe physical impairments—headaches/migraines and asthma—but does not have any medically determinable mental impairments. (Tr. 19-20.) Not finding medically determinable mental impairments was error on the ALJ's part, plaintiff argues, because a neurocognitive evaluation indicated to Scott T. Alvord, Psy.D., diagnoses of neurocognitive and mood disorders (depression and anxiety). And that means, according to plaintiff, all subsequent steps in the ALJ's evaluation contain harmful errors. (Pl.'s Br. 7-10, ECF 9.)

The Commissioner, countering that substantial evidence supports the ALJ's finding that plaintiff does not have medically determinable mental health impairments, points to plaintiff's disability report where he alleged only physical impairments. Also raised as substantial evidence by the Commissioner is the observation that plaintiff did not seek mental health treatment, emergent care, or require hospitalization for his mental health, and plaintiff's mental health medical records were largely unremarkable. (Def.'s Br. 3-6, ECF 11.) The court is not persuaded.

A medically determinable impairment is one that "results from anatomical, physiological, or psychological abnormalities that can be shown by medically acceptable clinical and laboratory

diagnostic techniques." 20 C.F.R. § 404.1521. The "physical or mental impairment must be established by objective medical evidence from an acceptable medical source." *Id*. Objective medical evidence includes signs, laboratory findings, or both. *Id.* § 404.1502(f). Laboratory findings include chemical tests, medical imaging, and psychological tests, while signs include "psychological abnormalities that can be observed," such as "abnormalities of behavior, mood, thought, memory orientation, development or perception, and must also be shown by observable facts that can be medically described and evaluated." *Id.* §§ 404.1502(c), 404.1502(g). Acceptable medical sources include licensed psychologists. *Id.* § 404.1502(a)(2)(i).

Following a neurocognitive evaluation, Dr. Alvord charted his observations that plaintiff had a mild neurocognitive disorder (TBI/Idiopathic), a rule out somatic symptom disorder, and mood disorder NOS (depression and anxiety). (Tr. 514.) Because those diagnoses—objective medical evidence—were given by an acceptable medical source after clinical testing, *see* 20 C.F.R. § 404.1520(a)(4)(ii), plaintiff established with objective medical evidence that he has medically determinable mental health impairments, which is all that is required of plaintiff. It is neither here nor there that plaintiff did not allege mental health impairments in his application or did not seek treatment for his mental health. The ALJ's determination is thus not supported by substantial evidence; the ALJ erred.

Compounding the error at step two, 20 C.F.R. § 404.1520a required the ALJ to use the PRT to rate the degree of functional limitations in four functional areas and determine the severity of the mental health impairment(s). *See* 20 C.F.R. § 404.1520a(c). And the omission is not harmless. Although omissions at step two can be harmless when step two is resolved in plaintiff's favor and the ALJ continues with the sequential analysis, failing to use the PRT at step

two after a plaintiff has established medically determinable mental health impairments is harmless only if the plaintiff has failed to establish a colorable claim of mental health impairment. *Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017) (describing step-two errors as harmless if an ALJ decides it in claimant's favor); *Keyser*, 648 F.3d at 726 ("An ALJ's failure to comply with 20 C.F.R. § 404.1520a is not harmless if the claimant has a colorable claim of mental impairment.") (quotations omitted).

A colorable claim of mental impairment is one which is not "wholly insubstantial, immaterial, or frivolous." *Cassim*, 824 F.2d at 795. The evaluation of a claimant by an acceptable medical source that includes a diagnosis and supporting objective medical evidence is not insubstantial, immaterial, or frivolous. *See Dykstra v. Barnhart,* 94 F. App'x 449, 449 (9th Cir. 2004) (an evaluating psychologist's diagnosis and accompanying objective medical evidence constituted a colorable claim of mental impairment). As discussed above, plaintiff underwent a neurocognitive examination administered by Dr. Alvord. Following testing, plaintiff was diagnosed with a mild neurocognitive disorder (TBI/Idiopathic), a rule out somatic symptom disorder, and mood disorder NOS (depression and anxiety). Because plaintiff had a diagnosis from an acceptable medical source accompanied by objective medical evidence, plaintiff has established a colorable claim of mental health impairment. Consequently, the ALJ's failure to comply with 20 C.F.R. § 404.1520a by using the PRT is not harmless, and constitutes error.

Failing to follow 20 C.F.R. § 404.1520a's directives caused errors at subsequent steps because the ALJ could not adequately consider the limitations and restrictions imposed by plaintiff's mental health impairments, including whether his impairments met or equaled a listed impairment at step three, in formulating the RFC at step four, and in hypotheticals posed to the

vocational expert at step five. 20 C.F.R. § 404.1520 (listing the five-step evaluation process); SSR 96-8p. Plaintiff has therefore established that he has a colorable claim of mental health impairments and that the ALJ erred in failing to use the PRT to assess their severity.

## C.   *Remedy*

A reviewing court has discretion to remand an action for further proceedings or for a finding of disability and an award of benefits. *See, e.g.*, *Burrell v. Colvin*, 775 F.3d 1133, 1141 (9th Cir. 2014). Whether an action is remanded for an award of benefits or for further proceedings depends on the likely utility of additional proceedings. *Harman v. Apfel*, 211 F.3d 1172, 1179 (9th Cir. 2000). In determining whether an award of benefits is warranted, the court conducts the "three-part credit-as-true" analysis. *Garrison*, 759 F.3d at 1020. Under that analysis, the court considers whether: (1) the ALJ has failed to provide legally sufficient reasons for rejecting evidence; (2) the record has been fully developed and further proceedings would serve no useful purpose; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand. *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015). Even if all the requisites are met, however, the court may still remand for further proceedings "when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled." *Garrison*, 759 F.3d at 1021.

Remand for further administrative proceedings is necessary here. The ALJ step erred at step two and erred by not applying the PRT. Those errors may have affected the remaining steps and issues concerning the ultimate determination of plaintiff's disability remain unresolved. *Taylor v. Berryhill*, 720 F. App'x 906, 907 (9th Cir. 2018) ("Remand for further proceedings is proper because outstanding issues in the record remain that must be resolved before a

determination of disability can be made[.]"). The errors here are not "inconsequential to the ultimate nondisability determination." *Treichler v. Comm'r Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014).

On remand, the ALJ will evaluate plaintiff's medically determinable mental health impairments at step two, and use the PRT to determine the severity and degree of functional limitation caused by those mental health impairments. The ALJ should continue with the sequential evaluation, offer plaintiff an opportunity for a new hearing and reevaluate plaintiff's subjective symptom testimony. As warranted, the ALJ will reevaluate plaintiff's RFC, obtain any supplemental VE evidence, and conduct any other reasonable measures necessary. *Garrison*, 759 F.3d at 1019 (stating that remand is appropriate where "additional proceedings can remedy defects in the original administrative proceeding").

## CONCLUSION

For the above reasons, the court REVERSES the Commissioner's final decision and REMANDS this case for further administrative proceedings.

IT IS SO ORDERED.

DATED April 30, 2025

_____
/s/ JEFF ARMISTEAD
JEFF ARMISTEAD
United States Magistrate Judge
